Although the defendant was not about to remove, if the plaintiff suspected it, so that in conscience he could swear the defendant was about to do so, he may take the oath, and it is the duty of the justice of peace to issue the attachment. If the defendant sustains damage thereby, he has remedy upon the attachment bond, or if the oath be false and malicious, he may indict for perjury; but the proceedings shall go on. This has been often decided. As to the bond being unattested, it was decided lately at Fayetteville that an action of debt will lie on an unattested bond; and as to the condition being only to pay, in case of failure, such costs and damages as shall accrue thereon: these are not the words prescribed by the act, but this variance is not pleaded. The only defect alleged by the plea is nonattestation; but had it pointed out the variance, it would not have been fatal, because the act allows all forms agreeing in substance with that prescribed in the act to be valid. Then what is the meaning of the words used in the condition, "damages thereon"? Surely, damages to accrue in or by this attachment; and for such damages relief may be had by a suit on this bond. But it is not necessary to give any opinion upon this point. Let the pleas be overruled.
A respondeas ouster was awarded.
See Ingram v. Hall, ante, 193.